**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY MACK, | : |
| | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : |
| BUCKS COUNTY | : **No.** |
| 55 East Court Street | : |
| Doylestown, PA 18901 | : |
| | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| *And* | : |
| | : |
| OFFICER SMYTHE | : |
| 1730 S. Easton Rd. | : |
| Doylestown, PA 18901 | : |
| | : |
| *Defendants.* | : |

## COMPLAINT

Plaintiff Anthony Mack through his attorneys, van der Veen, Hartshorn, and Levin, by Bruce L. Castor, Jr., hereby asserts the following Complaint against Defendants, Bucks County and Officer Smythe, and in support thereof avers as follows:

## PARTIES

1. Plaintiff Anthony Mack ("Plaintiff" or "Mr. Mack") at all relevant times was a pretrial detainee held at the Bucks County Correctional Facility.

2. Defendant Bucks County ("Bucks County") is a municipality, organized by and through the Commonwealth of Pennsylvania. Bucks County Correctional Facility ("Bucks County Jail") is a county correctional facility organized and operating under the supervision and purview of Bucks County.

3.     At all times relevant hereto, Defendant Smythe ("Officer Smythe") was a duly appointed and acting corrections officer of the Bucks County Jail.  He is being sued in his individual capacity.

## JURISDICTION

4.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

5.     Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

6.     Jurisdiction lies over state law claims based on the principals of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

## VENUE

7.     Venue is proper in the District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the District and involve Defendants who reside within the jurisdictional limits.

## FACTS

8.     On January 14, 2023, Officer Smythe assaulted Plaintiff by slamming him onto the concrete floor of the Bucks County Correctional Facility.

9.     Plaintiff, a then 58-year-old man with a heart condition, approached Officer Smythe moments before this attack to ask whether he could replace his cold tray of food with a hot one.

10.     One of Officer Smythe's supervisors informed Mr. Mack earlier that same week that if he received a cold tray, he could simply make a request to the officer on duty to replace the tray.

11.     Officer Smythe responded that Mr. Mack could either throw his tray out or sit down.  Following Officer Smythe's response, Mr. Mack asked whether he could speak with the Sergeant on duty.

12.     Officer Smythe told Mr. Mack that he would not be speaking with anyone, and Mr. Mack turned toward the cafeteria tables with his cold tray, realizing the escalating nature of the situation.

13.     Angered by this interaction, Officer Smythe proceeded to smack Mr. Mack's food tray out of his hands to the floor and tackle him to onto the concrete floor.

14.     At no point during his interaction with Officer Smythe did Mr. Mack exhibit aggressive behavior or take any improper action toward Officer Smythe.

15.     Sergeant O'Donnell arrived at the scene shortly thereafter and escorted Mr. Mack to the infirmary where a nurse briefly examined him and determined he was fine, despite Mr. Mack's repeated complaints of pain in his chest.

16.     Bucks County Jail subsequently confined Mr. Mack to Restrictive Housing Unit ("RHU") status[1] where he was kept in isolation and denied privileges.  Later that evening, Officer Smythe came to Mr. Mack's cell and asked whether he intended to make any trouble regarding their earlier altercation.  Mr. Mack fearfully responded that he did not want any trouble and Officer Smythe slammed his cell door before leaving.

17.     Officer(s) told Mr. Mack that it was standard procedure that whenever there was an altercation at the facility, all inmates involved would be kept on RHU status until the matter could be resolved before a hearing officer.  However, Bucks County never afforded Mr. Mack the opportunity to plead his case before a hearing officer during the three days he spent in isolation.

---

[1] At this time, the Restrictive Housing Unit was full and therefore officers placed Mr. Mack on RHU "status" with similar isolation and loss of privileges on D-Block.

18.     Following the incident, although the Bucks County medical faculty denied that he suffered physical injury, Mr. Mack experienced considerable chest pain and pain in his hip.

19.     Mr. Mack subsequently developed a mass in his right hip for which he is still undergoing diagnostics.

**COUNT ONE**
**VIOLATION OF 42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT VIOLATION**
**EXCESSIVE FORCE**
**(Plaintiff v. Officer Smythe)**

20.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

21.     On January 14, 2023, Officer Smythe, acting under the color of state law, slammed Plaintiff to the ground causing him significant injury, pain, and suffering.

22.     Officer Smythe's actions were not necessary nor reasonable for the purposes of maintaining security or enforcing discipline, as Plaintiff had done nothing to warrant such a violent attack.

23.     Officer Smythe's actions were unnecessary, unreasonable, unjustified, and cruel.

24.     Through his use of excessive force, Officer Smythe deprived Mr. Mack of his well-settled right to be free from punishment in the absence of due process of law in violation of the Fourteenth Amendment to the United States Constitution and the due process clause of the constitution of the Commonwealth of Pennsylvania.

25.     As a direct and proximate cause of Officer Smythe's unjustified use of force, Plaintiff suffered and continues to suffer substantial harm, both economic and compensatory, including but not limited to physical pain, severe emotional distress, mental anguish, humiliation, and disfigurement.

26.     Officer Smythe acted maliciously and/or wantonly with respect to the federal protected rights of Plaintiff, warranting an award of punitive damages to the fullest extent permitted by law.

27.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT TWO**
**VIOLATIONS OF 42 U.S.C. § 1983 (*Monell*)**
**UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM**
**DUE PROCESS**
**<ins>(Plaintiff v. Bucks County)</ins>**

28.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

29.     Following Officer Smythe's cruel attack, Sergeant O'Donnell as well as several other officers escorted Plaintiff to a cell where he would be kept in isolation, deprived of almost all privileges, including the ability to call his wife to let her know what happened.

30.     Bucks County Defendants kept Plaintiff on RHU status for multiple days following the assault without affording him the opportunity to appear in front of a hearing officer to plead his innocence and explain what occurred.

31.     According to officer(s), Bucks County Jail implemented a policy, practice, and/or custom requiring all inmates involved in altercations to be placed on RHU status, regardless of the attendant circumstances, until the matter was heard by a hearing officer.

32.     Upon information and belief, Bucks County Jail also engaged in a practice and/or custom of depriving inmates the opportunity to be heard by a hearing officer in situations where information may come to light through such a hearing that would negatively reflect on an officer or the Bucks County Jail.

33. Bucks County Defendants never afforded Plaintiff the opportunity to appear before a hearing officer during the numerous days he spent on RHU status.

34. Bucks County Defendants, through their unconstitutional policy, practice, and/or custom, punished Plaintiff without consideration for the surrounding circumstances and deprived him of his right to due process in violation of the Fourteenth Amendment of the United States Constitution and the due process clause of the constitution of the Commonwealth of Pennsylvania.

35. Bucks County acted with deliberate indifference to the rights of its citizens when it initiated, tolerated, permitted, failed to correct, promoted, and/or ratified a custom, pattern or practice on the part of its correctional staff, including Officer Smythe and Sergeant O'Donnell, to arbitrarily punish pretrial detainees without any due process of law.

36. Plaintiff's injuries, and the unconstitutional violation of his rights, were directly and proximately caused by the aforementioned *Monell* acts and omissions by Bucks County, and as such, the County is liable for the physical, mental, and emotional harm to Plaintiff caused as a result of the conduct of its agents.

37. As a direct and proximate cause of Bucks County's unconstitutional policy, procedure, and/or custom, Plaintiff suffered and continues to suffer substantial harm, both economic and compensatory, including but not limited to physical pain, severe emotional distress, mental anguish, humiliation, and disfigurement.

38. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT FOUR**
**VIOLATIONS OF 42 U.S.C. § 1983**
**FAILURE TO TRAIN**
**(Plaintiff v. Bucks County)**

39.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

40.     Before January 14, 2023, Bucks County, with deliberate indifference to the rights and safety of its citizens, failed to ascertain whether its officers were adequately trained with regard to the appropriate use of force.

41.     Before January 14, 2023, Bucks County, with deliberate indifference to the rights and safety of its citizens, failed to ensure its correctional officers' awareness, knowledge and adherence to the policies and directives in place, though inadequate upon information and belief, with regard to the use of excessive force.

42.     Bucks County knew or should have known that correctional officers would regularly be tasked with making determinations with regard to use of force and degree of force and, as such, that failure to adequately train its correctional officers in this area would foreseeably result in harm to pretrial detainees housed in its correctional facility.

43.     As such, Bucks County exhibited deliberate indifference to the known and obvious consequences of failing to train its officers with regard to appropriate use of force.

44.     As a direct and proximate cause of Bucks County's failure to train its correctional officers with regard to appropriate use of force, Plaintiff suffered and continues to suffer substantial harm, both economic and compensatory, including but not limited to physical pain, severe emotional distress, mental anguish, humiliation, and disfigurement.

45.     Plaintiffs are entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT FOUR**
**COUNT SIX**
**ASSAULT AND BATTERY**
**(Plaintiff v. Defendant Smythe)**

46.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

47.     By the conduct set forth above, specifically slamming Plaintiff to the concrete ground, Officer Smythe used unreasonable force intended to cause harmful and offensive contact with the person of another.

48.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.     That this Court find that Defendants committed acts and omissions violating the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983;

2.     As to Count I, a judgment against Defendant Smythe for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

3.     As to Count II, a judgment against Defendant Bucks County for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

4.     As to Count III, a judgment against Defendant Smythe for compensatory and punitive damages in excess of $150,000.00, together with costs;

5.     For such other relief as this Court may deem appropriate.

8

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: November 9, 2023        By:      *Bruce L. Castor, Jr.*
                                                      Bruce L. Castor, Jr.
                                                      I.D. No. 46370
                                                      Kaitlin C. McCaffrey
                                                      I.D. No. 329960
                                                      Attorneys for Plaintiffs
                                                      1219 Spruce Street
                                                      Philadelphia, PA 19107
                                                      P: (215) 546-1000
                                                      F: (215) 546-8529
                                                      E: bcastor@mtvlaw.com

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that I have reviewed the foregoing Complaint and that the factual allegations are true and correct.

Date: November 9, 2023

Anthony Mack