IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MACK, | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : |
| BUCKS COUNTY | : **No. 23-4386** |
| 55 East Court Street | : |
| Doylestown, PA 18901 | : |
| | : |
| | : **JURY TRIAL DEMANDED** |
| *And* | : |
| | : |
| OFFICER PHILLIP SMYTHE | : |
| 1730 S. Easton Rd. | : |
| Doylestown, PA 18901 | : |
| | : |
| *Defendants.* | : |

## AMENDED COMPLAINT

Plaintiff Anthony Mack through his attorneys, van der Veen, Hartshorn, and Levin, by Bruce L. Castor, Jr., hereby asserts the following Amended Complaint against Defendants, Bucks County and Officer Phillip Smythe, and in support thereof avers as follows:

## PARTIES

1. Plaintiff Anthony Mack ("Plaintiff" or "Mr. Mack") at all relevant times was a pretrial detainee held at the Bucks County Correctional Facility.

2. Defendant Bucks County ("Bucks County") is a municipality, organized by and through the Commonwealth of Pennsylvania. Bucks County Correctional Facility ("Bucks County Jail") is a county correctional facility organized and operating under the supervision and purview of Bucks County.

1

3. At all times relevant hereto, Defendant Phillip Smythe ("Officer Smythe") was a duly appointed and acting corrections officer of the Bucks County Jail. He is being sued in his individual capacity.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

5. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

6. Jurisdiction lies over state law claims based on the principals of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in the District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the District and involve Defendants who reside within the jurisdictional limits.

## FACTS

8. On January 14, 2023, Officer Smythe assaulted Plaintiff by slamming Plaintiff's person onto a concrete floor of the Bucks County Correctional Facility.

9. Plaintiff, a then 58-year-old man with a heart condition, approached Officer Smythe moments before this attack to ask whether he could replace his cold tray of food with a hot one.

10. One of Officer Smythe's supervisors informed Mr. Mack earlier that same week that if he received a cold tray, he should simply make a request to the officer on duty to replace the tray.

11. Officer Smythe responded that Mr. Mack could either throw his tray out or sit down. Following Officer Smythe's response, Mr. Mack asked whether he could speak with the Sergeant on duty.

12. Officer Smythe told Mr. Mack that he would not be speaking with anyone, and Mr. Mack turned toward the cafeteria tables with his cold tray, realizing the escalating nature of the situation and that Officer Smythe was showing obvious aggression and hostility towards Plaintiff, Plaintiff decided to avoid any further interaction with Officer Smythe out of fear Officer Smythe would become physical towards him.

13. Plaintiff's observations that Officer Smythe was becoming aggressive proved accurate as Officer Smythe was angered by this interaction. Officer Smythe proceeded to smack Mr. Mack's food tray out of his hands to the floor and forcefully tackle Plaintiff down onto the concrete floor of the dining hall. Officer Smythe is more than thirty (30) years younger than Plaintiff and physically fit.

14. Plaintiff explains the use of the word "tackle" to describe what happened as follows: Officer Smythe placed both arms around Mr. Mack's midsection, lifted Plaintiff up off the ground, and slammed Plaintiff onto the concrete. Following him to the floor, Officer Smythe crushed Mr. Mack with his full body weight (as a football player might do to a ball carrier to affect a tackle). Officer Smythe was wearing a large radio at the time of the assault, which slammed into Mr. Mack's chest with the force of Officer Smyth's body weight behind it.

15. Plaintiff felt a "pop" in his chest after Officer Smythe tackled him, resulting in intense pain to his chest.

16. At no point during his interaction with Officer Smythe did Mr. Mack exhibit aggressive behavior or take any improper or threatening action toward Officer Smythe.

17. Officer Smythe then yanked Plaintiff's arms behind his back and placed him in handcuffs.

18. Officer Smythe's assault of Plaintiff was captured on video and is presently in the custody and control of Bucks County. Bucks County denied several requests to review the footage so Plaintiff could more precisely describe for the Court the "tackle" for inclusion in this Complaint.

19. No alarms sounded nor any other alerts sent by corrections officers seeking additional officers, but two officers happened to be nearby and saw what occurred.

20. Upon information and belief, one of the bystander officers contacted Sergeant O'Donnell who promptly arrived on scene.

21. Plaintiff observed Sergeant O'Donnell and both bystander officers approach Officer Smythe shortly after he finished handcuffing Mr. Mack and ask what happened. Mr. Mack was unable to hear the subsequent conversation between Sergeant O'Donnell, Officer Smythe, and the two bystander officers.

22. Shortly thereafter, Sergeant O'Donnell escorted Mr. Mack to the infirmary because he complained of pain in his chest. At the infirmary, Nurse "Linda" briefly examined him and determined that Plaintiff was not injured, despite Mr. Mack's repeated complaints of pain in his chest and "popping" sounds every time he took a breath.

23. Sergeant O'Donnell then transported Mr. Mack to D-Block, where Mr. Mack learned he would be held on Restrictive Housing Unit ("RHU") status, meaning that he would be kept in isolation and denied privileges. Sergeant O'Donnell specifically told Mr. Mack that any time there is a use of force against an inmate by an officer, Bucks County's protocol is to place the involved inmate on RHU status automatically without any further review at that time.

24. Later that evening, Officer Smythe came to Mr. Mack's cell and asked whether he intended to make any trouble regarding their earlier altercation. Mr. Mack fearfully responded that he did not want any trouble and Officer Smythe slammed his cell door before leaving.

25. Mr. Mack spent several days on RHU status in isolation without any explanation for his punishment or opportunity to plead his case before a hearing officer.

26. Following the incident, although the Bucks County medical faculty denied that he suffered physical injury, Mr. Mack experienced considerable chest pain and pain in his hip.

27. Mr. Mack subsequently developed a baseball-sized mass in his right hip for which Bucks County has refused to provide appropriate diagnostic care and/or treatment. Upon information and belief, Plaintiff avers this mass was caused by the trauma of the assault inflicted upon him by Officer Smythe.

28. As he remains in the custody and control of Bucks County, Plaintiff cannot obtain his own medical testing, evaluations, and opinions to further support his reasonable belief that the mass on his hip resulted from the assault, and the mass has gone untreated.

**COUNT ONE**
**VIOLATION OF 42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT VIOLATION**
**EXCESSIVE FORCE**
**(Plaintiff v. Officer Smythe)**

29. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

30. On January 14, 2023, Officer Smythe, acting under the color of state law, slammed Plaintiff to the ground causing him significant injury, pain, and suffering.

31. Officer Smythe's actions were not necessary nor reasonable for the purposes of maintaining security or enforcing discipline, as Plaintiff had done nothing to warrant such a violent attack.

32. Officer Smythe's actions were unnecessary, unreasonable, unjustified, inexplicable, and cruel.

33. Through his use of excessive force, Officer Smythe deprived Mr. Mack of his well-settled right to be free from punishment in the absence of due process of law in violation of the Fourteenth Amendment to the United States Constitution and the due process clause of the constitution of the Commonwealth of Pennsylvania.

34. As a direct and proximate cause of Officer Smythe's unjustified use of force, Plaintiff suffered and continues to suffer substantial harm, both economic and compensatory, including but not limited to physical pain, severe emotional distress, mental anguish, humiliation, and disfigurement.

35. Officer Smythe acted maliciously and/or wantonly with respect to the federal protected rights of Plaintiff, warranting an award of punitive damages to the fullest extent permitted by law.

36. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT TWO**
**VIOLATIONS OF 42 U.S.C. § 1983 (*Monell*)**
**UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM**
**DUE PROCESS**
**(Plaintiff v. Bucks County)**

37. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

38. Following Officer Smythe's cruel attack, Sergeant O'Donnell as well as several other officers escorted Plaintiff to a cell where he would be kept in isolation, deprived of almost all privileges, including the ability to call his wife to let her know what happened.

39. Bucks County Defendants kept Plaintiff on RHU status for multiple days following the assault without affording him the opportunity to appear in front of a hearing officer to plead his innocence and explain what occurred.

40. According to Sergeant O'Donnell, a supervisory official of the Bucks County Correctional Facility, Bucks County implemented a policy, practice, and/or custom requiring all inmates involved in a use of force incident with an officer to be placed on RHU status, regardless of the attendant circumstances, until the matter was heard by a hearing officer.

41. Upon information and belief, Bucks County Jail also engaged in a practice and/or custom of depriving inmates the opportunity to be heard by a hearing officer in situations where information may come to light through such a hearing that would negatively reflect on an officer or on the Bucks County Jail.

42. Bucks County Defendants never afforded Plaintiff the opportunity to appear before a hearing officer during the numerous days he spent on RHU status.

43. Bucks County Defendants, through their unconstitutional policy, practice, and/or custom, punished Plaintiff without consideration for the surrounding circumstances and deprived him of his right to due process in violation of the Fourteenth Amendment of the United States Constitution and the due process clause of the constitution of the Commonwealth of Pennsylvania.

44. Bucks County acted with deliberate indifference to the rights of its citizens when it initiated, tolerated, permitted, failed to correct, promoted, and/or ratified a custom, pattern or

practice on the part of its correctional staff, including Officer Smythe and Sergeant O'Donnell, to arbitrarily punish pretrial detainees without any due process of law.

45. Plaintiff's injuries, and the unconstitutional violation of his rights, were directly and proximately caused by the aforementioned *Monell*[1] acts and omissions by Bucks County, and as such, the County is liable for the physical, mental, and emotional harm to Plaintiff caused as a result of the conduct of its agents.

46. As a direct and proximate cause of Bucks County's unconstitutional policy, procedure, and/or custom, Plaintiff suffered and continues to suffer substantial harm, both economic and compensatory, including but not limited to physical pain, severe emotional distress, mental anguish, humiliation, and disfigurement.

47. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT THREE
## VIOLATIONS OF 42 U.S.C. § 1983
## FAILURE TO TRAIN
## (Plaintiff v. Bucks County)

48. Plaintiff respectfully seeks to incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

49. Before January 14, 2023, Bucks County, with deliberate indifference to the rights and safety of its citizens, failed to ascertain whether its officers were adequately trained with regard to the appropriate use of force.

50. Before January 14, 2023, Bucks County, with deliberate indifference to the rights and safety of its citizens, failed to ensure its correctional officers' awareness, knowledge and

---

[1] *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

adherence to the policies and directives in place, though inadequate upon information and belief, with regard to the use of excessive force.

51. Bucks County knew or should have known that correctional officers would regularly be tasked with making determinations regarding the use of force and degree of force and, as such, that failure to adequately train its correctional officers in this area would foreseeably result in harm to pretrial detainees housed in its correctional facility.

52. There have been several lawsuits filed against Bucks County in recent years alleging use of excessive force, including suits filed by Mubarak Alexander and the family of Kimberly Stringer.  While these cases involved inmates suffering from mental health issues, the allegations demonstrate systemic deficiencies within Bucks County Officers' understanding with regard to appropriate use of force.

53. Mr. Mack has also witnessed numerous instances wherein Bucks County correctional officers have responded to relatively small disciplinary infractions or other issues with excessive and unwarranted use of force, frequently having several guards attacking one inmate.

54. As such, Bucks County received appropriate notice that its use of force training was deficient and inadequate to appropriately shield the rights of the inmates within its custody and control.

55. Even in the absence of notice, Officer Smythe's egregious behavior of violently attacking an inmate more than thirty years his senior without *any* provocation other than asking to speak to a supervising officer demonstrates that Bucks County failed to ensure Officer Smythe was appropriately trained before allowing him to interact with inmates in the facility.

56. Bucks County's conduct following the incident further supports a conclusion that it did not recognize the severity of the incident and intrusion on Plaintiff's constitutional rights.

Bucks County permitted Officer Smythe to remain at the facility following his assault upon Plaintiff whereupon he threatened Plaintiff in his RHU cell later that evening. Moreover, Officer Smythe received minimal, if any, discipline following the assault and returned to duty shortly thereafter.

57. As such, Bucks County exhibited deliberate indifference to the known and obvious consequences of failing to train its officers with regard to appropriate use of force.

58. As a direct and proximate cause of Bucks County's failure to train its correctional officers with regard to appropriate use of force, Plaintiff suffered and continues to suffer substantial harm, both economic and compensatory, including but not limited to physical pain, severe emotional distress, mental anguish, humiliation, and disfigurement.

59. Plaintiffs are entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT FOUR
## ASSAULT AND BATTERY
## (Plaintiff v. Defendant Smythe)

60. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

61. By the conduct set forth above, specifically slamming Plaintiff to the concrete ground, Officer Smythe used unreasonable force intended to cause harmful and offensive contact with the person of another.

62. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. That this Court find that Defendants committed acts and omissions violating the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983;

2. As to Count I, a judgment against Defendant Smythe for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

3. As to Count II, a judgment against Defendant Bucks County for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

4. As to Count III, a judgment against Defendant Smythe for compensatory and punitive damages in excess of $150,000.00, together with costs;

5. For such other relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: April 4, 2024            By:    *Bruce L. Castor, Jr.*
                                      Bruce L. Castor, Jr.
                                      I.D. No. 46370
                                      Kaitlin C. McCaffrey
                                      I.D. No. 329960
                                      Attorneys for Plaintiffs
                                      1219 Spruce Street
                                      Philadelphia, PA 19107
                                      P: (215) 546-1000
                                      F: (215) 546-8529
                                      E: bcastor@mtvlaw.com